Claimant is hereby awarded the sum of $3,336.25.

(No. 5013-)

RAYMOND L. FARBER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 25, 1965.*

WOLSLEGEL AND ARMSTRONG, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; EDWARD G. FINNEGAN, Assistant Attorney General, for Respondent.

DOVE, J.

Claimant, Raymond L. Farber, seeks recovery for loss

of wages for the period of February 20, 1961 to June 30, 1961, incurred when he was suspended and discharged from his duties as School Principal I at the Illinois Industrial School for Boys, Sheridan, Illinois.

The stipulation entered into by and between the parties is as follows:

"That claimant herein, on September 2, 1953, was certified and appointed to the position of School Principal I at the Illinois Industrial School for Boys, Sheridan, Illinois; that claimant continued to perform the duties of said position until February 20, 1961, at which time a copy of written charges seeking a thirty day disciplinary suspension pending discharge was personally served upon claimant.

"That on March 1, 1961 claimant filed a notice of grievance with Oliver J. Keller, Jr., the then Chairman of the Illinois Youth Commission, with respect to the aforesaid thirty day disciplinary suspension pending discharge.

"That on March 6, 1961 claimant filed a notice of appeal with the Illinois Civil Service Commission of the aforesaid thirty day disciplinary suspension pending discharge.

"That on March 20, 1961 a copy of written charges seeking discharge, filed by the then Chairman of the Illinois Youth Commission, Oliver J. Keller, was served upon claimant, Raymond L. Farber, said discharge to be effective on March 20, 1961.

"That thereafter, and within fifteen days following receipt of said written charges seeking discharge, claimant, by and through his attorneys, Wolslegel and Armstrong, made written requests of notice of appeal to the Illinois Civil Service Commission for a hearing in defense to the said written charges filed against said claimant.

"That, pursuant to said notice of appeal of said charges seeking discharge, a hearing was held in the Conference Room, 21st Floor, 160 North La Salle Street, Chicago, Illinois, on May 23, 1961, commencing at 9:30 A.M. before the Honorable John Morrow, Hearings Referee for the Illinois Civil Service Commission.

"That on September 13, 1961 the Hearings Referee, the Honorable John Morrow, handed down his decision stating that claimant, Raymond L. Farber, be, and he is hereby retained in his position as School Principal I at the Illinois Industrial School for Boys, Sheridan, Illinois, with full compensation.

"That on September 20, 1961 the Illinois Civil Service Commission unanimously concurred in, and adopted the findings and decision of said Hearings Referee, and certified said decision to the Director of the Department of Personnel, State of Illinois, for enforcement.

"That on May 23, 1961 claimant, through his attorneys, requested by

letter that the Director of the Department of Personnel, State of Illinois, review the grievance as to the aforesaid thirty day disciplinary suspension in accordance with Department of Personnel Rule 25.

"That on June 13, 1961 the Director of the Department of Personnel, by letter, stated that the Department would be bound by the ruling of the Civil Service Commission as to the said thirty day disciplinary suspension, insofar as accrual of pay and other benefits were concerned as to said period.

"That on October 27, 1961 the Director of the Department of Personnel of the State of Illinois, by letter, recommended to the now Chairman of the Illinois Youth Commission, John A. Troike, that claimant, Raymond L. Farber, be paid his regular monthly salary from February 20, 1961, to March 20, 1961, the period of said disciplinary suspension.

"That claimant, by virtue of and because of his aforesaid retention in his position as School Principal I at the Illinois Industrial School for Boys at Sheridan, Illinois, became and was entitled to back pay from the date of said reinstatement to February 20, 1961.

"That claimant's monthly pay amounted to a gross sum of $660.00 per month prior to July 1, 1961; and a gross sum of $700.00 per month after July 1, 1961."

Doctor Arthur E. Wright, Superintendent of the Illinois Industrial School for Boys at Sheridan, Illinois, testified that claimant would have been paid his salary from February 20, 1961 to June 30, 1961, if the appropriation had not lapsed, and that for the time subsequent to June 30, 1961 claimant had been paid his salary in full.

Claimant testified that he applied for employment elsewhere on a number of occasions, but was unable to obtain a position; that he was not employed, and earned no money during the time he was suspended and discharged, and that he received no salary during the period of February 20, 1961 to June 30, 1961. This claim is for claimant's gross salary for the period from February 20, 1961 to June 30, 1961.

This Court has long held that, where a civil service employee is illegally prevented from performing his duties, and is subsequently reinstated to his position by a court of competent jurisdiction, he is entitled to the salary attached to said office for the period of his illegal removal, but that he must do all in his power to mitigate damages. *Snyder* vs.

*State of Illinois,* 22 C.C.R. 453; *Poynter* vs. *State of Illinois,* 21 C.C.R. 393; *Smith* vs. *State of Illinois,* 20 C.C.R. 202; *Cordes* vs. *State of Illinois,* 24 C.C.R. 491.

There is no evidence of failure to mitigate damages for the period involved in the instant case.

Claimant is hereby awarded the sum of $2,860.00.